IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE HAJATI,** | : | |
|     **Petitioner** | : | No. 3:22-cv-00282 |
| | : | |
|     v. | : | **(Judge Kane)** |
| | : | **(Magistrate Judge Saporito)** |
| **RADM S. SPAULDING, et al.,** | : | |
|     **Respondents** | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On February 24, 2022, Petitioner George Hajati ("Petitioner") filed a motion requesting relief under both 28 U.S.C. § 2241 and the All Writs Act, 28 U.S.C. § 1651. (Doc. No. 1.) Petitioner represents that he was held in federal prison past his release date, which was impacted by time credits earned through various programs while he was incarcerated. (Id. at 2-4.) Accordingly, Petitioner requests that the Court order his release from confinement and apply the earned time credits to his term of supervised release. (Id. at 7.) On March 15, 2022, Magistrate Judge Saporito issued a Report and Recommendation, which recommends that Petitioner's petition be denied on the basis that Petitioner has been released from federal custody and there is therefore no live case or controversy for the Court to adjudicate under Article III of the Constitution. (Doc. No. 7.)

Petitioner filed objections to the Report and Recommendation on April 11, 2022. (Doc. No. 10.) In his objections, Petitioner argues that, although he has been released from custody, the time credits he earned towards the reduction in his sentence should be applied to shorten the term of his supervised release. (Id.) In support of the requested relief, Petitioner argues that: (1) habeas petitions filed while a petitioner is in custody are not necessarily moot upon the petitioner's release; and (2) the court in which a habeas petition was originally filed maintains

jurisdiction to decide a § 2241 petition, even if the petitioner is moved to new facility.  (Id. at 4-6.)  On May 17, 2022, following the issuance of Magistrate Judge Saporito's Report and Recommendation and the filing of Petitioner's objections, Petitioner filed a motion entitled "Motion for Earned Time Credit Sentence Reduction."  (Doc. No. 11.)  Mirroring Petitioner's § 2241 petition, the motion also requests a reduction in Petitioner's term of supervised release based on earned time credits.  (Id.)

In response to Petitioner's objections and motion, the Court notes that the relief Petitioner seeks is simply not available.  The Supreme Court has held that excess time credits earned by an incarcerated individual cannot be applied to shorten a term of supervised release.  See United States v. Johnson, 529 U.S. 53, 59-60 (2000) (finding that "[t]he Court of Appeals erred in treating respondent's time in prison as interchangeable with his term of supervised release"); Defoy v. McCullough, 393 F.3d 439, 442 n.3 (3d Cir. 2005) (noting that a term of supervised release cannot be shortened due to excess incarceration); Goldbatt v. Ortiz, No. 20-cv-19987, 2022 WL 1639007, *2 (D.N.J. May 24, 2022) (applying Johnson and Defoy to the § 2241 context and finding that "the supervised release statute . . . does not permit a court to credit a supervised release term with a period of excess prison time").  Therefore, the Court will adopt Magistrate Judge Saporito's recommendation that the petition be dismissed for lack of standing under Article III.  (Doc. No. 7.)

**ACCORDINGLY**, on this 31st day of May 2022, upon independent review of the record and applicable law, **IT IS ORDERED THAT**:

1. The Court **ADOPTS** the Report and Recommendation of Magistrate Judge Saporito (Doc. No. 7);

2. Petitioner's motion requesting relief under 28 U.S.C. § 2241 and the All Writs Act, 28 U.S.C. § 1651 (Doc. No. 1) is **DISMISSED AS MOOT**;

3. Petitioner's Motion for Earned Time Credit Sentence Reduction (Doc. No. 11) is **DENIED**; and

4. The Clerk of the Court is directed to **CLOSE** this case.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania